WINDOW ROCK DISTRICT COURT

February 5, 1982

No. WR-CV-508-81

ORDER

IN THE MATTER OF THE APPLICATION
YVONNE R. THOMPSON, Process-Server.

Honorable Tom Tso, Judge presiding.

This is a ruling upon the application of Yvonne R. Thompson for the leave of court to allow her to be a general process server for the Mathews Furniture Company. The application is made under Rule 3 of the Rules of Civil Procedure, which provides for the service of summons and complaints by "any other person authorized by the courts."

Following the filing of the petition the court ordered Yvonne R. Thompson to file an affidavit addressing various concerns the court had about the matter, and that affidavit indicates Ms. Thompson is the secretary and cashier of Mathews Furniture and has no financial interest in the business. She is not related to any officer, owner or employee of the business. Ms. Thompson has regular contact with the business' customers and she can identify most of them by sight. She is a bonded employee and is an honors graduate of Gallup High School, thus showing she has community ties. She is the daughter of members of the Zuni Pueblo, and she is married to a member of the Navajo Nation, who has a position of honor in the United States Army.

Ms. Thompson submits herself to the jurisdiction of the Navajo Nation, and the affidavit indicates she understand the importance of process and the method of serving it.

The relationship of Ms. Thompson to Mathews Furniture as its employee appears to present no difficulty, because as a general statement of law, "The plaintiff's . . . agent may it seems, be deputized to serve a summons." 62 Am.Jur.2d, Process Sec. 32. In the case of International Control v. Vesco, the United States Second Circuit Court of Appeals held that as long as the trial court does not appoint an actual party for service, it can select a person for service of process in its discretion where the individual is believed to be in the best position to make service. There it was held permissible to appoint an associate of the plaintiff's law firm who knew where the defendant was and who was knowledgable about how to serve process. 593 F.2d 166 (C.A.2, 1979).

Ms. Thompson seems to fit these qualifications since her affidavit shows she knows how to locate defendants and she is knowledgable about how to serve process.

Rule 4(c) of the Federal Rules of Civil Procedure was the basis for the Second Circuit Court of Appeals' ruling, and the Federal Rule is broader than ours. It provides that the court may appoint a person

specially to serve process and that such "appointments to serve process shall be made freely when substantial savings in travel fees will result." The Federal case law is very limited in giving guidance on what restrictions there are in permitting private individuals to serve process, but it is apparent the court is to be guided by the use of its own sound discretion.

Ms. Thompson's affidavit is satisfactory and indicates she should be reliable and fair in serving process. However since there appears to be no precedent for courts giving blanket authority for the service of process to private individuals, the custom in the Federal courts appears to be to require separate applications for each separate case. This would appear to be the better approach, and Ms. Thompson need only refer to her affidavit on file in this matter rather than submitting a lengthy new affidavit in each instance. Her application will simply be submitted to the court for review by the judge in each instance, and no hearing need be held on each application. This way the court will have some control over the matter and can assure litigants that process will truly be served in proper manner.

It is therefore ORDERED:

1. That Yvonne R. Thompson shall be authorized to serve process in civil cases, other than executions (which are only to be served by Navajo Police under 7 N.T.C. Sec. 706), upon an application in each case in which process is to be served; and

2. That each application of Ms. Thompson for appointment shall be immediately presented to the judge having jurisdiction within the Window Rock District of the Navajo Tribal Courts and the judge shall review the application without the necessity of hearing or a re-recital of the matters contained in the application in this matter.